UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARJANIT THANASI,

               Plaintiff,               Case Number 23-10464
v.                                                             Honorable David M. Lawson

ATLANTIC SPECIALTY INSURANCE CO.
and TRAVELERS INSURANCE CO.,

               Defendants.
_____/

## ORDER REMANDING CASE TO STATE COURT

On December 15, 2022, the plaintiff filed a complaint in the Macomb County, Michigan circuit court in which he alleged that the defendant insurers had improperly refused to pay insurance benefits for injuries that he suffered in a automobile collision. In his prayer for relief, the plaintiff demanded a declaratory ruling and money damages. Defendant Atlantic Specialty Insurance Company removed the case to this Court on February 24, 2023, and in its notice of removal it alleged that the Court has diversity jurisdiction over the claims under 28 U.S.C. § 1332. The Court found that the allegations in the notice of removal and the complaint relating to the citizenship of the parties were unclear, and it issued an order for the parties to submit additional information about the basis of subject matter jurisdiction. The defendant filed a response to the order regarding the removal, and the Court has taken a fresh look at the pleadings in light of that response. Having done so, the Court finds that the defendant has failed to carry its burden of demonstrating that there is complete diversity between the parties. The case therefore will be remanded to the state court for want of subject matter jurisdiction.

"The jurisdiction of federal courts is defined by Article III of the United States Constitution and by acts of Congress." *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 798 (6th Cir. 2012).

"If the notice of removal does not establish that the case meets the jurisdictional requirement, the court may issue an order to the defendant to show cause, either orally or in writing, why the case should not be remanded to state court." E.D. Mich. LR 81.1(c). The assessment of jurisdiction must occur as of the time the case is removed. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)). The party seeking removal bears the burden of demonstrating that the district court has subject matter jurisdiction over the case. *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). "'[A]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)), *abrogated on other grounds by Hall St. Assocs., LLC. v. Mattel, Inc.*, 552 U.S. 576 (2008).

Diversity jurisdiction is provided for in Section 1332 of Title 28, which states, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . ." 28 U.S.C. § 1332. "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (quotation marks omitted). With respect to natural persons, "citizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather than residence." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Ibid.*

The facts alleged in the complaint, the notice of removal, and the defendant's response to the Court's order regarding removal do not suffice to establish the citizenship of the plaintiff. In

its notice of removal, echoing an identical allegation in the complaint, the defendant alleged only that plaintiff Arjanit Thanasi "is a resident of the State of Michigan." Notice of Removal ¶ 4, ECF No. 1, PageID.2. In the Court's standing order regarding submission of information on removal cases, the Court highlighted that deficient allegation and specifically directed the defendant to include information about "the *citizenship* of all named plaintiffs." Standing Order ¶ 4, ECF No. 4, PageID.22 (emphasis added). In response to that direction, the defendant stated only that the "[c]itizenship of the parties was addressed [in the notice of] removal." Def.'s Resp., ECF No. 6, PageID.25. However, as noted above, the notice of removal did not address the citizenship of the plaintiff, but merely alleged his "residence."

"Residence" is not the same as "citizenship," which is demonstrated by establishing a party's domicile. *Stifel*, 477 F.2d at 1120. Neither the complaint nor the removal notice adequately alleges citizenship or facts from which that conclusion could be drawn. When the defendant was given the opportunity to provide clarification, it filed a response that simply made reference to the faulty allegations for which clarification was sought. None of the documentation supplies sufficient factual information for the Court to determine the plaintiff's domicile or citizenship. The Court therefore is unable to determine that complete diversity exists between the parties, which is a necessary prerequisite for the exercise of diversity jurisdiction. "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)). The Court finds that it lacks jurisdiction to entertain the controversy between the parties as framed by the pleadings, the notice of removal,

and the response to the Court's order for additional information; and the case therefore must be remanded.

Accordingly, it is **ORDERED** that the case is **REMANDED** to the Macomb County circuit court for want of subject matter jurisdiction.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   March 9, 2023